UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

Louisiana S.[1],

                                          Plaintiff,                    3:20-cv-00130 (BKS/CFH)

v.

COMMISSONER OF SOCIAL SECURITY,

                                          Defendant.

_____

**Appearances:**

*For Plaintiff:*
Howard D. Olinsky
Olinsky Law Group
250 South Clinton Street, Suite 210
Syracuse, New York 13202

*For Defendant:*
Antionette T. Bacon
Acting United States Attorney
Nicole Sonia
Special Assistant United States Attorney
Social Security Administration
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, MA 02203

**Hon. Brenda K. Sannes, United States District Judge:**

MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff Louisiana S. filed this action under 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security dismissing her application for Social Security Disability Insurance ("SSDI") benefits for failure to appear at her hearing without good cause.

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

(Dkt. No. 1). The parties' briefs, filed in accordance with N.D.N.Y. General Order 18, are presently before the Court. (Dkt. Nos. 13, 15). After reviewing the Administrative Record,[2] (Dkt. No. 10), and considering the parties' arguments, the Court requested supplemental briefing on whether this Court has subject matter jurisdiction to review the case. (Dkt. No. 16). Both parties filed supplemental letter briefs. (Dkt. Nos. 17, 18). For the reasons set forth below, the Court affirms the Commissioner's decision.

## II.    PROCEDURAL HISTORY

Plaintiff applied for SSDI benefits on December 4, 2017, (R. 159), alleging disability from, inter alia, anxiety, depression, and bipolar disorder. (R. 18-19). Plaintiff's claim was denied on March 8, 2018. (R. 70). Plaintiff retained counsel, (R. 92), and timely requested a hearing before an Administrative Law Judge ("ALJ"), (R. 97). On April 22, 2019, the agency sent a notice of hearing to Plaintiff and to her representative, scheduling a hearing for August 26, 2019. (R. 133-38). On April 30, 2019, Plaintiff signed an acknowledgement of receipt of the notice of hearing, indicating that she would be present and "immediately notify" the agency at the telephone number listed on the notice "[i]f an emergency arises after [she] mail[s] this form and [she] cannot be present." (R. 152). On August 12, 2019 the agency sent a notice of hearing reminder to Plaintiff. (R. 153). The notice stated "[i]f you do not appear at this hearing and do not provide a good reason why you did not appear, the [ALJ] will dismiss your request for hearing without further notice . . . if some unexpected problem arises, please call this hearing office at the phone number listed above." (*Id.*).

---

[2] The Court cites to the Bates numbering in the Administrative Record, (Dkt. No. 7), as "R." throughout this opinion, rather than to the page numbers assigned by the CM/ECF system.

On August 26, 2019, neither Plaintiff nor her representative appeared for the hearing. (R. 17). The ALJ noted that the agency "got her acknowledgment of the hearing back on April 30th," and that the ALJ would enter a dismissal because neither Plaintiff nor her representative appeared. (*Id.*). On August 29, 2019, the ALJ signed an order dismissing Plaintiff's request for a hearing. (Dkt. No. 14). In her order, the ALJ noted that a notice of hearing was sent to both Plaintiff and her representative and that Plaintiff signed and returned the notice, indicating that she intended to appear at the hearing. (*Id.* at 4). The ALJ stated that she "considered the factors set forth in 20 CFR 404.957(b)(2) and finds that there is no good cause for the claimant's failure to appear at the time and place of hearing." (*Id*. at 5).

On October 28, 2019, Plaintiff requested an extension of time from the Appeals Council in order to "submit [a] legal brief as well as Good Cause statement from the claimant." (R. 13). The Appeals Council granted the request on November 1, 2019. (R. 6). On November 26, 2019, Plaintiff's counsel submitted a letter to the Appeals Council explaining that "a few days before" the hearing Plaintiff's "father was transferred" from a medical center to a hospital "because his kidneys were failing" and Plaintiff was so "overwhelmed by these events" she "forgot about her hearing and had not made arrangements for childcare for that day." (R. 4). Plaintiff's counsel attached a handwritten note from Plaintiff explaining that she had missed the hearing because she "was so distracted" by her father's health. (R. 5). Plaintiff's counsel requested that the case be remanded for review by the ALJ because there was good cause for Plaintiff's failure to appear. (R. 4-5).

The Appeals Council denied Plaintiff's request for review on December 6, 2019. (Dkt. No. 10-2, at 2). The Appeals Council considered the reasons offered by Plaintiff and found that

they "do not provide a basis for changing" the ALJ's dismissal. (*Id.*). Plaintiff commenced this action on February 6, 2020. (Dkt. No. 1).

## III.  DISCUSSION

### A.  Subject Matter Jurisdiction

As a preliminary matter, the Court considers whether it has subject matter jurisdiction. *See Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) ("'It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress . . . If subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action sua sponte." (citations omitted)).

Judicial review is available under 42 U.S.C. § 405(g) for "any final decision of the Commissioner of Social Security made after a hearing to which [the claimant] was a party." Section 405(g) contains "two separate elements: first a 'jurisdictional' requirement that claims be presented to the agency, and second, a 'waivable' . . . requirement that the administrative remedies prescribed by the Secretary be exhausted." *Smith v. Berryhill*, 139 S. Ct. 1765, 1773 (2019) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)). Congress "empowered the SSA to create a scheme of administrative exhaustion." *Smith*, 139 S. Ct. at 1779. Under this scheme a claimant must generally: (1) "seek an initial determination as to his eligibility"; (2) "seek reconsideration of the initial determination"; (3) "request a hearing, which is conducted by an ALJ"; and (4) "seek review of the ALJ's decision by the Appeals Council." *Id.* at 1772; *see* 20 C.F.R. §§ 404.900(a), 416.1400(a).

In this case, the Commissioner has waived the administrative exhaustion requirement. "[F]or purposes of this case," the Commissioner elected "not to invoke § 405(g) as a potential bar to judicial review" and "accept[s] the Court's authority to review the ALJ's dismissal of

4

Plaintiff's hearing request," while at the same time "reserve[ing] his right to change [his] position in subsequent cases. (Dkt. No. 15, at 6). The Commissioner stated that he "has not yet determined whether *Smith* affects his position on judicial review of an ALJ's dismissal for failure to appear." (*Id.*). The Commissioner did not brief the issue of whether this case satisfies the first jurisdictional requirement—that the claim be presented to the agency. Plaintiff argued that review is appropriate under § 405(g) because the Appeals Council decision is final; there should have been a hearing; and to hold otherwise "would be to condone the agency's failure to follow its own procedures and would serve as a bar to judicial review." (Dkt. No. 13, at 6-7).

On January 28, 2021, this Court issued a text order, directing the Commissioner to brief the issue of subject matter jurisdiction and giving Plaintiff an opportunity to respond. (Dkt. No. 16). The Court noted that "an action must be dismissed if the court lacks subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3)," and cited to, inter alia, *Coe v. Saul*, No. 19-cv-10993, 2020 WL 6729169, at *5-7, 2020 U.S. Dist. LEXIS 214102, at *16-17 (S.D.N.Y. Nov. 16, 2020), where the district court in a similar case determined that it did not have subject matter jurisdiction under § 405(g).

In his letter brief the Commissioner asserted, without caselaw or discussion, that Plaintiff "clearly satisfies the first [jurisdictional] requirement articulated in *Smith*" because Plaintiff "has presented a claim to the Agency." (Dkt. No. 17, at 2). The Commissioner again noted that he "does not rely on the second 'nonjurisdictional' [exhaustion] requirement as a potential bar to judicial review." (*Id.*). While recognizing that *Coe* was "a similar case in which the claimant did not receive an ALJ hearing," and that in *Coe*, as in this case, the Commissioner "declined to assert lack of exhaustion as a possible bar to judicial review," the Commissioner stated that the "holding in *Coe* does not change the Commissioner's position in this case." (*Id.*). In response,

Plaintiff argues that that the jurisdictional requirement is met because "Defendant has conceded that Plaintiff has presented a claim to the Agency." (Dkt. No. 18).

It is not clear whether an Appeals Council's denial of a request for review of an ALJ's decision dismissing a case without a hearing for failure to appear is a "final decision . . . made after a hearing" under § 405(g). The district courts are divided. *See, e.g.*, *Coe*, 2020 WL 6729169, at *5-7, 2020 U.S. Dist. LEXIS 214102, at *16-17 (citing cases).

In *Smith*, the Supreme Court considered a different question: whether an Appeals Council's dismissal of a request for review as untimely was reviewable under § 405(g). 139 S. Ct. at 1780. The jurisdictional requirement was not at issue in *Smith*; the Court considered "the nonjurisdictional element of administrative exhaustion." 139 S. Ct. at 1774. Although the claimant in *Smith* had failed to file a timely request for review with the Appeals Council, as required by the SSA regulations, the Supreme Court found that the Commissioner's power "to create a statutory scheme of administrative exhaustion" did not include the "power to determine the 'scope of judicial power vested by' § 405 (g) or to determine conclusively when its dictates are satisfied." 139 S. Ct. at 1779. The Court concluded that the Appeals Council's dismissal of the untimely appeal, which was made after an ALJ hearing on the merits, was "a final decision . . . made after a hearing" and therefore subject to review under § 405(g).

In a footnote in *Smith* the Court noted that "[a] different question would be presented" by a claimant who had "faltered at an earlier step" by failing to make a timely request for a hearing. 139 S. Ct. at 1777, n.17. While such a claimant "would not have received a 'hearing' at all," the Court suggested that review under § 405(g) might still be available: "the Court's precedents . . . make clear that a hearing is not always required." *Id.*; *see id*. at 1774 ("[A]n ALJ hearing is not an ironclad prerequisite for judicial review."). Prior to *Smith*, the Seventh Circuit had considered

6

that exact scenario and held that judicial review is available under § 405(g) for a claimant whose untimely request for a hearing led to a dismissal without a hearing. *Boley v. Colvin*, 761 F.3d 803, 806 (7th Cir. 2014). The Seventh Circuit noted that while "hearing" in § 405(g) could refer to "an oral presentation required by a statute or regulation," the better reading of "hearing" in § 405(g) is that it "means whatever process the Social Security Administration deems adequate to produce a final decision." *Boley*, 761 F.3d at 805. The court found that this conclusion "follows from" *Weinberger v. Salfi*, 422 U.S. 749, 763-67 (1975) and *Eldridge*, 424 U.S. at 326-32.

Here, the Court finds that Plaintiff has met the jurisdictional requirement of presentment. She presented her claim to the agency, which denied her initial application for benefits, and she presented to the Appeals Council the issue she asks this Court to review—whether the ALJ erred by dismissing her case without a hearing. Although there was no ALJ hearing, in light of the analysis in *Smith* and *Boley*, it appears that the Court has subject matter jurisdiction.

### B. Review of the Agency's Action

Plaintiff argues that the ALJ erred by failing to follow the agency's procedures and by not conducting "a good cause hearing regarding Plaintiff's failure to appear," and that the Appeals Council's denial of review is not supported by substantial evidence. (Dkt. No. 13, at 7). Defendant argues that the dismissal should be affirmed because the ALJ followed the governing regulations and agency policy and no further development of good cause was necessary. (Dkt. No. 17, at 16).

#### 1. Standard of Review

This Court may set aside the Commissioner's decision "only where it is based upon legal error or where [the] factual findings are not supported by substantial evidence." *McClean v. Astrue*, 650 F. Supp. 2d 223, 226 (E.D.N.Y. 2009). "Even if the court could draw different conclusions after an independent review of the record, the court must uphold the Commissioner's

decision when it is supported by substantial evidence and when the proper legal principles have been applied." *Steven N. v. Berryhill*, No. 1:16-cv-427, 2018 WL 6629681, at *10, 2018 U.S. Dist. LEXIS 214805, at *29 (D. Vt. Dec. 19, 2018) (citing 42 U.S.C. § 405(g)). "Substantial evidence is 'more than a mere scintilla.' It means such *relevant* evidence as a *reasonable mind* might accept as adequate to support a conclusion." *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 447-48 (2d Cir. 2012) (per curiam) (quoting *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009)). The substantial evidence standard is "very deferential"; the Court may reject the facts that the ALJ found "only if a reasonable factfinder would *have to conclude otherwise*." *Id.* at 448 (quoting *Warren v. Shalala*, 29 F.3d 1287, 1290 (8th Cir. 1994)).

### 2. The ALJ's Dismissal

Under 20 C.F.R. § 404.957(b)(1), an ALJ "may dismiss a request for a hearing" when

> (i) Neither you nor the person you designate to act as your representative appears at the time and place set for the hearing and you have been notified before the time set for the hearing that your request for hearing may be dismissed without further notice if you did not appear at the time and place of hearing, and good cause has not been found by the administrative law judge for your failure to appear; or
> (ii) Neither you nor the person you designate to act as your representative appears at the time and place set for the hearing and within 10 days after the administrative law judge mails you a notice asking why you did not appear, you do not give a good reason for failure to appear.

*See also* 20 C.F.R. § 404.1457(b)(1). "In determining good cause or good reason under this paragraph, [the ALJ] will consider any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language)" that the claimant may have. 20 C.F.R. § 404.957(b)(2); 20 C.F.R. § 404.1457(b)(2).

Here, the order of dismissal is under § 404.957(b)(1)(i), not the post-hearing notice provision in § 404.957(b)(1)(ii). (Dkt. No. 14, at 4). The record shows that Plaintiff received the

requisite hearing notice, neither Plaintiff nor her representative appeared for the scheduled hearing, and the ALJ found there was no good cause for Plaintiff's failure to appear. (Dkt. No. 13, at 7 n.1; R. 152; Dkt. No. 14). In the dismissal order the ALJ expressly stated that she "considered the factors set forth in 20 CFR 404.957(b)(2) and finds that there is no good cause for the claimant's failure to appear at the time and place of the hearing." (Dkt. No. 14, at 5). Thus, substantial evidence supports the hearing dismissal order. *See Coe*, 2020 WL 6729169, at *8, 2020 U.S. Dist. LEXIS 214102, at *19 ("[t]he regulations are clear that a request for an ALJ hearing can be dismissed for failure to appear absent a showing of good cause."). The regulation did not require the ALJ to send a post hearing notice or hold a good cause hearing. *See Kilker v. Astrue*, 364 F. App'x 408, 410-11 n.2, 3 (10th Cir. 2010) (noting that "a post-hearing notice is only required under subsection (ii)"; "[i]t is not required under subsection (i)"; and "the regulation did not require the ALJ to provide a good cause hearing").

Plaintiff argues that the agency failed to comply with the Hearings, Appeals, and Litigation Law Manual ("HALLEX"). "The HALLEX is a manual that provides the Social Security Administration with a set of guidelines and procedures" and "district courts within the Second Circuit have found that 'HALLEX policies are not regulations and therefore not deserving of controlling weight.'" *Dority v. Comm'r of Soc. Sec.*, No. 14-cv-0285, 2015 WL 5919947, at *5, 2015 U.S. Dist. LEXIS 137865, at *9-10 (N.D.N.Y. Sept. 15, 2015) (quoting *Edwards v. Astrue*, No. 10-cv-1017, 2011 U.S. Dist. LEXIS 88293, at *17, 2011 WL 3490024, at *6 (D. Conn. Aug. 10, 2011)) (collecting cases); *see Harper v. Comm'r of Soc. Sec.*, No. 08-cv-3803, 2010 WL 5477758, at *4, 2010 U.S. Dist. LEXIS 137500, at *11 (E.D.N.Y. Dec. 23, 2010) (noting that because HALLEX is "simply a set of internal guidelines for the SSA, not

regulations promulgated by the Commissioner," a "failure to follow HALLEX does not necessarily constitute legal error").

HALLEX provides guidance in determining the proper procedure when both a plaintiff and her representative fail to appear at a hearing. When neither a claimant nor her representative appear at the time and place of a scheduled hearing and neither shows good cause for the absence, the ALJ may dismiss a request for a hearing. HALLEX I-2-4-25(A)(1). Plaintiff cites to the next sentence of this provision which states that "[e]xcept in the circumstances set forth in this provision, an ALJ will develop whether there is good cause for the failure to appear." (*Id.*). An ALJ develops good cause by issuing a request to show cause for failure to appear to the claimant and her appointed representative. HALLEX I-2-4-25(C)(2). Plaintiff asserts that the ALJ failed to follow HALLEX because the ALJ failed to develop good cause.

HALLEX, however, provides that developing good cause is not necessary when the claimant received the notice of hearing. HALLEX I-2-4-25(C)(3)(a) provides, in relevant part:

> [t]he ALJ need not develop good cause if the record shows that the claimant received the Notice of Hearing and the claimant does not have a physical, mental, educational, or linguistic limitation that may affect his or her ability to understand the Notice of Hearing. If those criteria are met, the ALJ can generally presume the claimant fully understands the possible consequences of his or her failure to appear at the time and place of a scheduled hearing.

Plaintiff argues the ALJ was required to issue a request to show cause for failure to appear because "there is no indication that the ALJ established that these criteria were met." (Dkt. No. 13, at 9). Citing to her claim for disability based upon "anxiety, depression, and bipolar disorder," Plaintiff has raised the issue regarding a mental limitation for the first time in her brief to this Court. (*Id.*). In her good cause submission to the Appeals Council Plaintiff did not raise any issue about a mental limitation that "affect[ed] her ability to understand the notice of

10

hearing." HALLEX I-2-4-25(C)(3)(a). Instead, she asserted that she was overwhelmed by the "unusual and unavoidable circumstance" of her father's transfer to the hospital. (R. 4). In her statement to the Appeals Council, Plaintiff explained that she "was so distracted because [she] had to be with [her father]," because "his kidneys were infected and dying." (R. 5). Plaintiff's counsel further elaborated that Plaintiff "forgot about her hearing and had not made arrangements for childcare for that day." (R. 4). Neither Plaintiff nor her counsel argued that she missed her hearing due to her lack of understanding of the notice of hearing.

      In any event, even assuming this HALLEX standard was controlling, the ALJ's determination is supported by substantial evidence. Plaintiff does not have a "low IQ or reduced intellectual functioning," (R. at 441); she showed "average" intellectual functioning, (R. 370). Although Plaintiff was evaluated as "unable to meet competitive standards" in the area of "maintain[ing] attention for [a] two hour segment" when assessed for her ability to do work-related activities on a day-to-day basis in a January 23, 2018 consultative psychiatric evaluation, (R. 440), Plaintiff was determined to have only "mild" impairments in her overall attention, concentration, and memory, (R. 370). Additionally, the same evaluation of Plaintiff's work capabilities found her ability to "remember work-like procedures," "understand and remember very short and simple instructions," and "carry out very short and simple instructions," to be "limited but satisfactory." (R. 440). Plaintiff also completed one year of college and completed training to be a personal care assistance. (R. 179). Plaintiff returned a signed acknowledgement of receipt, which specifically informed her of the consequences of missing the hearing, and indicated she would "be present at the time and place shown on the Notice of Hearing." (R. 152). Substantial evidence in the record evidence supports the ALJ's determination that Plaintiff was sufficiently mentally capable to understand the notice of hearing. *See Dority*, 2015 WL 5919947,

at *6, 2015 U.S. Dist. LEXIS 137865, at *13-14 (finding that "substantial evidence in the record supported the ALJ's determination that Plaintiff's mental impairment did not provide 'good cause' for his failure to attend the hearing" where the medical records and the plaintiff's ability to present "without problem, for a consultative examination" "did not support a conclusion that his mental impairments would prevent him from attending a hearing").

Plaintiff asserts that even if "the ALJ was not required to develop whether the claimant had good cause for not appearing, under 20 CFR 404.957(b)(1)(i) and 416.1457(b)(1)(i), she must still *consider* and *discuss* whether the evidence of record establishes good cause." (Dkt. No. 13, at 10) (emphasis in original); *see* HALLEX I-2-4-25(C)(3) (providing that an ALJ "must still consider and discuss whether information and the evidence of record establishes good cause" even when the ALJ is not required to issue a request to show cause for failure to appear). While Plaintiff argues that the ALJ failed to do so in her opening statement, (Dkt. No. 13, at 10), the ALJ expressly considered whether the record established good cause in her order of dismissal. The ALJ noted that she "considered the factors set forth in 20 CFR 404.957(b)(2) and [found] that there is no good cause for the claimant's failure to appear at the time and place of hearing." (Dkt. No. 14, at 4). These factors include "any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language)." 20 C.F.R. § 404.957(b)(2). The ALJ thus complied with the regulation, which required that she "consider" any mental limitations. 20 C.F.R. § 404.957(b)(2); 20 C.F.R. § 404.1457(b)(2). To the extent Plaintiff argues that the ALJ had to say more under HALLEX I-2-4-25(C)(3)(a), on this record any conceivable error is harmless.

### 3. The Appeals Council's Decision

Plaintiff also argues that the Appeals Council erred in denying Plaintiff's request for review. The Appeals Council "considered the reasons," but "found that the reasons do not

provide a basis for changing the [ALJ's] dismissal." (R. 1). Plaintiff claims that the Appeals Council's failure to more explicitly explain its denial frustrates meaningful review and renders its decision unsupported by "substantial evidence." (Dkt. No. 13, at 11). Here, Plaintiff submitted a short explanation for her failure to appear, which the Appeals Council considered, but found did not provide a basis for altering the ALJ's dismissal. The record is adequate for meaningful review. *Cf. McIntire v. Astrue*, 809 F. Supp. 2d 13, 21 (D. Conn. Sept. 2010) (finding that Appeals Council was required to give more detailed explanation in its decision where it was considering additional medical evidence including "new evidence of the treating physician that is material and inconsistent with prior evidence").

Plaintiff asserts that her submission to the Appeals Council established good cause. Plaintiff also cites to HALLEX 1-3-3-15(B) regarding review of ALJ dismissals. Under that provision, when a claimant submits additional information to the Appeals Council, that the ALJ did not have an opportunity to consider, an Office of Appellate Operations (OAO) analyst will "usually take one of the following actions": (1) recommend a remand to the ALJ if "the information clearly establishes good cause for failure to appear, and other circumstances warrant granting review"; (2) recommend a remand to the ALJ for the ALJ's determination as to good cause when "the information may establish a good cause reason for failure to appear, and other circumstances warrant"; or (3) recommend that the Appeals Council deny review "[w]hen the analyst finds the information would not change the outcome of the ALJ dismissal."

Although "[t]here are no set criteria for determining what constitutes good cause for failure to appear at the time and place of a scheduled hearing," "[g]ood cause . . . generally exists when an unforeseeable event occurred that did not provide the claimant or the appointed representative enough time to notify the ALJ and request a postponement before the scheduled

hearing." HALLEX I-2-4-25(C)(1)(b). Here, Plaintiff explained that her father's health had begun to fail "a few days prior," giving both Plaintiff and her representative ample time to notify the ALJ that a postponement was necessary. Although she further explains that she was "distracted" by her father's health and therefore did not secure childcare, she never claims that she missed the hearing because of any mental limitations. *See Carpenter v. Colvin,* No. 13-cv-859, 2014 WL 4637085, at *3, 2014 U.S. Dist. LEXIS 128976, at *6-7 (N.D.N.Y. Sept. 16, 2014) ("While the court considers Carpenter's mental limitations in determining good cause, Carpenter does not indicate that she did not attend due to her mental illness issues. Instead, she reported that she could not arrange transportation.")

Regardless of the reason for Plaintiff's failure to appear, her representative could have still attended the hearing without her present. Had Plaintiff's representative done so, and continued to represent Plaintiff during the hearing, Plaintiff would have avoided dismissal based on her failure to attend the hearing. *See* HALLEX I-2-25(D)(2) ("If an appointed representative appears at the scheduled hearing without the claimant and continues to represent the claimant during the hearing, dismissal is never appropriate.").[3]

In any event, having considered Plaintiff's submission to the Appeals Council, and the applicable regulations and guidance regarding good cause, the Court finds the Appeals Council's decision is supported by substantial evidence.

Finally, Plaintiff asserts that the ALJ's failure to "consider and discuss" whether the evidence of record establishes good cause, "coupled with the ALJ's failure" to develop the

---

[3] Plaintiff mentions in a footnote that she had a representative "physically present at the hearing" but that "due to Plaintiff's extraordinary circumstances, she had been unable to return an executed from [sic] 1696 so that the representative could appear on her behalf." (Dkt. No. 13, at 7 n.1).This is not reflected in the record, and was not raised in the submission to the Appeals Council. In any event, the record reflects that Plaintiff's present counsel had been her appointed representative since 2018. (R. 216-18).

14

record as to good cause "deprived her of her due process rights, including an opportunity to be heard." (Dkt. No. 13, at 10, 12). The Court disagrees. Plaintiff was not denied due process. She received notice of the hearing date and notice that her claim could be dismissed if she did not attend the hearing and, following the dismissal, she had an opportunity to provide a showing of good cause to the Appeals Council. *See Katsoulakis v. Astrue*, No. 10-cv-0081, 2011 WL 3877090, at *4, 2011 U.S. Dist. LEXIS 97605, at *12-13 (E.D.N.Y. Aug. 31, 2011) (finding that the plaintiff failed to raise a "colorable constitutional claim" where "notice of hearing sent to plaintiff indicated that failure to appear without good cause could result in dismissal of the hearing request"; plaintiff was notified of the procedures for appeal and the "Appeals Council denied plaintiff's request for review, concluding that plaintiff did not provide any basis for reversal"); *Lesane v. Apfel*, No. 98-cv-4738, 1999 WL 1288940, at *3, 1999 U.S. Dist. LEXIS 19989, at *10 (E.D.N.Y. Nov. 17, 1999) (holding that there were "no due process issue[s]" where "[t]he ALJ dismissed plaintiff's request for a hearing only after complying with the Social Security Administration's regulations" and the "plaintiff was afforded an opportunity to show cause to the Appeals Council why the hearing request should not have been dismissed").

## IV.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **AFFIRMED**; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

Dated: March 10, 2021
       Syracuse, New York

Brenda K. Sannes
U.S. District Judge